**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.  07-20099-JWL |
| ) | |
| **CARLOS CERVANTES-SAMANIEGO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Carlos Cervantes-Samaniego's motion for modification of term of imprisonment (doc. 886).  For the reasons set forth below, that motion is denied.

**1.  Background**

Mr. Cervantes-Samaniego pled guilty to conspiracy to distribute more than 1000 kilograms of marijuana and more than 5 kilograms of cocaine (docs. 560, 561).  The United States Probation Office prepared a presentence report, recommending that the defendant be held accountable for at least 79 kilograms of cocaine.  Based on that drug quantity, the Probation Office calculated a base offense level of 36, which, with a two-level enhancement for possession of a firearm in connection with the instant conduct, and a two-level adjustment for acceptance of responsibility, resulted in a total offense level of 36.  With a criminal history category of I, under the United States

Sentencing Commission, *Guidelines Manual* (2009), this subjected Mr. Cervantes-Samaniego to an advisory guideline range of 188- to 235-months imprisonment.

Both parties objected to the presentence report's recommendation regarding the drug quantity attributed to Mr. Cervantes-Samaniego. Based on considerable evidence presented at the sentencing hearing, the court found the defendant accountable for at least 4.5 kilograms of cocaine to be converted to crack cocaine or at least 64 kilograms of cocaine hydrochloride[1] (doc. 766, at 378-82). The court was clear that it arrived at Mr. Cervantes-Samaniego's sentence through two alternative calculations: based on quantities of cocaine base or quantities of cocaine hydrochloride. The court found that a sentence of 235 months was appropriate when calculated by either means (*id.* at 386-87).

**2. Analysis**

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c) refers is § 1B1.10 of the United

---

[1] The court attributed these quantities to Mr. Cervantes-Samaniego as they were both within the scope of the defendant's agreement and reasonably foreseeable to him. *See United States v. Johnson*, 146 F.3d 785, 795 (10th Cir. 1998).

States Sentencing Guidelines.  Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1. 10(c).  U.S.S.G. § 1B1. 10(a)(1).  Section 1B1.10(a)(2)(B) provides that a reduction is not authorized if the retroactive amendments do not have the effect of lowering the applicable guideline range.

Mr. Cervantes-Samaniego seeks to have his sentence reduced by means of the retroactive application of Amendment 750 to U.S.S.G. § 2D1.1.  *See* U.S.S.G. § 2D1.1 (2011); United States Sentencing Commission, 76 Fed. Reg. 41,332 (July, 13, 2011) (on retroactivity).  As relevant to the defendant's present motion, Amendment 750 revised the Drug Quantity Table set forth in § 2D1.1 to reflect statutory changes in the penalties for cocaine base offenses.  This amendment would have the effect of reducing the defendant's applicable guidelines range were his sentence based only on quantities of cocaine base.  The court, however, arrived at Mr. Cervantes-Samaniego sentence by two alternative routes–one route based on cocaine base and the other based on cocaine hydrochloride.  To clarify, at sentencing, the court stated:

> As I indicated, in my opinion the total offense level should be 38, but even if it were 36 with a criminal history category of I, I would arrive at the same sentence. . . . When I look at this as to his role in the crack side of things, I think a low end sentence is appropriate.  If I were to look at this purely from the perspectives of his having supplied powder cocaine and looking at it in terms of the quantity that he supplied during the time that he supplied it, . . . at least 64 kilograms, I believe this becomes a high end sentence, and I think it becomes a high end sentence because I believe that quantity seriously understates what he really was involved with . . . .

3

> . . . .
>
> So therefore I believe that a sentence of 235 months is appropriate when calculated on either theory

(*id.* at 386-87).

Because Mr. Cervantes-Samaniego's sentence was based on two alternative theories, he is only eligible for a § 3582 reduction if the guideline range applicable to the defendant under *both* theories was subsequently lowered. *See* U.S.S.G. § 1B1.10(a)(1). Amendment 750 does not impact the guideline range for offenses involving cocaine hydrochloride. As a result, a reduction in the defendant's term of imprisonment is not consistent with the policy statement in § 1B1.10 and therefore is not authorized under 18 U.S.C. § 3582(c)(1) because Amendment 750 does not have the effect of lowering his applicable guideline range. *See United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (applying the same reasoning to Amendment 706).

Because Mr. Cervantes-Samaniego's sentence is based on a guideline range that has not been subsequently lowered by the Sentencing Commission, the court is without jurisdiction to consider a reduction of sentence under § 3582(c). *See United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion modification of term of imprisonment (doc. 886) is denied.

**IT IS SO ORDERED** this 20th day of April, 2012.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge