# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

      Plaintiff,

v.                                        Case No. 07-20099-17-JWL

Carlos Cervantes-Samaniego,

      Defendant.

## MEMORANDUM & ORDER

In July 2009, Carlos Cervantes-Samaniego was charged in a Third Superseding Indictment with various drug trafficking crimes. In August 2009, he pled guilty to conspiracy to distribute and possession with intent to distribute more than 1000 kilograms of marijuana and more than 5 kilograms of cocaine. On February 2, 2010, the court sentenced Mr. Cervantes-Samaniego to 235 months' imprisonment. He appealed his sentence to the Tenth Circuit but the appeal was dismissed based on the waiver in the plea agreement executed by Mr. Cervantes-Samaniego. Subsequently, he filed both a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 as well as a motion for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Both motions were denied.

This matter is now before the court on Mr. Cervantes-Samaniego's motion to modify or correct a term of imprisonment (doc. 943) in which he seeks to have the court apply the Sixth Circuit's recent decision in *United States v. Blewett*, ___ F.3d ___, 2013 WL 2121945 (6th Cir May 17, 2013). In *Blewett*, the Sixth Circuit held that the Fair Sentencing Act of 2010 must be applied retroactively to defendants sentenced prior to its enactment pursuant to the Equal

Protection Clause such that Mr. Cervantes-Samaniego should be resentenced. The motion is denied. Despite the ruling of the Sixth Circuit, the Tenth Circuit has ruled in several cases that the FSA does not retroactively apply to defendants like Mr. Cervantes-Samaniego who were sentenced before the FSA's effective date of August 3, 2010. *See United States v. Lucero*, 713 F.3d 1024, 1027-28 (10th Cir. 2013). Because the Tenth Circuit has squarely addressed this issue, and this court is bound to follow the law of the Tenth Circuit, the court may not simply apply the law of the Sixth Circuit. For this reason, Mr. Cervantes-Samaniego's motion is denied as the court does not have the authority to reduce Mr. Cervantes-Samaniego's pre-FSA sentence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Cervantes-Samaniego's motion to modify or correct a term of imprisonment (doc. 943) is denied.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge