# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                              Case No. 07-20099-17-JWL

**Carlos Cervantes-Samaniego,**

    **Defendant.**

## **MEMORANDUM & ORDER**

Recently, Mr. Cervantes-Samaniego filed a motion to modify or correct a term of imprisonment in which he sought to have the court apply the Sixth Circuit's recent decision in *United States v. Blewett*, ___ F.3d ___, 2013 WL 2121945 (6th Cir. May 17, 2013). In *Blewett*, the Sixth Circuit held that the Fair Sentencing Act of 2010 must be applied retroactively to defendants sentenced prior to its enactment pursuant to the Equal Protection Clause such that Mr. Cervantes-Samaniego should be resentenced. The court denied the motion on the grounds that the Tenth Circuit has ruled in several cases that the FSA does not retroactively apply to defendants like Mr. Cervantes-Samaniego who were sentenced before the FSA's effective date of August 3, 2010. *See United States v. Lucero*, 713 F.3d 1024, 1027-28 (10th Cir. 2013).

Mr. Cervantes-Samaniego has now filed a motion for reconsideration of the court's order denying his motion to modify or correct a term of imprisonment (doc. 945). In that motion, he reiterates that the court should follow *Blewett*, further suggests for the first time that the court follow *Davis v. United States Sentencing Commission*, ___ F.3d ___, 2013 WL 2302542 (D.C. Cir. May 28, 2013), and asks that the court grant him a certificate of appealability so that he may

take his arguments to the Tenth Circuit. None of these arguments warrants the court's reconsideration of its order.

Mr. Cervantes-Samaniego's continued insistence that the court follow *Blewett* is no more than a rehash of his previously-presented argument already considered and rejected by the court. As such, it is not an appropriate argument for purposes of a motion for reconsideration. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion for reconsideration is appropriate when the court has misapprehended the facts, a party's position or controlling law; it is not appropriate to revisit issues already addressed). His argument concerning the *Davis* decision is rejected. In *Davis*, the District of Columbia Circuit held, without reaching the merits of the claim, that a federal prisoner seeking a declaration that the Fair Sentencing Act was unconstitutional on equal protection grounds was not required to assert that claim in a habeas petition. *Id.* at *6. *Davis*, then, merely stands for the proposition that the argument set forth by Mr. Cervantes-Samaniego concerning his equal protection rights may be asserted through a variety of causes of action and is not required to be brought in a habeas petition. This court did not reject Mr. Cervantes-Samaniego's argument because he failed to assert that argument in the context of a habeas petition or otherwise selected an improper procedural vehicle to make his argument. The court rejected the argument on the merits in light of binding Tenth Circuit precedent. Nothing in the court's prior order, then, contravenes *Davis* and, in fact, the court's order is entirely consistent with the *Davis* opinion.

Finally, Mr. Cervantes-Samaniego's request for a certificate of appealability is denied as unnecessary. A certificate of appealability is only required to challenge the denial of habeas

relief. Because the court did not construe Mr. Cervantes-Samaniego's motion as a motion pursuant to § 2255, a certificate of appealability is not necessary.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Cervantes-Samaniego's motion for reconsideration (doc. 945) is denied.

**IT IS SO ORDERED.**

Dated this 1st day of July, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
