IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                    Case No. 07-20099-17-JWL

Carlos Cervantes-Samaniego,

        Defendant.

## MEMORANDUM & ORDER

In August 2009, defendant Carlos Cervantes-Samaniego pled guilty to conspiracy to distribute and possession with intent to distribute more than 1000 kilograms of marijuana and more than 5 kilograms of cocaine. Utilizing U.S.S.G. § 2D1.1, the presentence investigation report (PSR) calculated Mr. Cervantes-Samaniego's total offense level as 36 with a criminal history category of I, with a resulting advisory guideline range of 188 months to 235 months. After resolving objections to the PSR, the court ultimately assessed a total offense level of 38 and a criminal history category of I, with a resulting advisory guideline range of 235 months to 295 months. The court sentenced Mr. Cervantes-Samaniego to 235 months imprisonment, the low-end of the range. The court has since reduced Mr. Cervantes-Samaniego's sentence to 151 months imprisonment based on retroactive amendments to the Guidelines.

This matter is now before the court on Mr. Cervantes-Samaniego's motion to reduce his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because the *Johnson*

decision does not apply to Mr. Cervantes-Samaniego's sentence in any respect, Mr. Cervantes-Samaniego is not entitled to relief.[1]

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), dictates a minimum fifteen-year sentence if the offender violates § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense." *Id.* § 924(e). Under the ACCA,

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized language is commonly referred to as the "residual clause." *In re Gieswein*, 802 F.3d 1143, 1145 (10th Cir. 2015) (citing *Johnson*, 135 S. Ct. at 2556). In *Johnson*, the Supreme Court held that enhancing a sentence under the residual clause violates a defendant's right to due process because that portion of the ACCA is unconstitutionally vague. *Id.* (citing *Johnson*, 135 S. Ct. at 2557, 2563). The Tenth Circuit has applied *Johnson* to the residual clause of the definition of a "crime of violence" under the career offender guideline because that clause is nearly identical to the clause struck down by the Court in *Johnson*. *See United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (residual clause of U.S.S.G. § 4B1.2(a)(2) is void for vagueness in light of *Johnson*).

---

[1] Mr. Cervantes-Samaniego does not identify the procedural vehicle for his motion. Regardless, because *Johnson* does not apply to Mr. Cervantes-Samaniego's situation, there is no statute that would authorize the reduction requested.

A review of Mr. Cervantes-Samaniego's PSR reveals that he was not deemed an armed career criminal under the ACCA and none of the Guidelines utilized in calculating Mr. Cervantes-Samaniego's sentence are implicated by the Supreme Court's decision in *Johnson*. The holding in *Johnson*, then, is inapplicable to Mr. Cervantes-Samaniego's situation and the court may not reduce Mr. Cervantes-Samaniego's sentence based on the *Johnson* decision. Mr. Cervantes-Samaniego suggests that the two-level firearm enhancement he received under § 2D1.1(b)(1) is akin to the ACCA's residual clause, but he fails to show that § 2D1.1(b)(1), or the applicable commentary to that provision, contain the language at issue in *Johnson*. His claim, then, is not based on the holding in Johnson that invalidated the residual clause of the definition of "violent felony" in the ACCA. *See In re Verdin-Garcia*, No. 16-3236 (10th Cir. Aug. 22, 2016) (*Johnson* does not apply to firearm enhancement). The holding in *Johnson*, then, is inapplicable to this case and has no bearing on Mr. Cervantes-Samaniego's sentence. *See Galvin v. United States*, 2016 WL 3855881, at *2 (N.D. Tex. July 5, 2016) (*Johnson* has no application to firearm enhancement under § 2D1.1(b)(1)); *Heard v. United States*, 2016 WL 3219718, at *2 (M.D. Fla. June 10, 2016) (same); *Carrasco v. United States*, 2016 WL 3275397, at *2 (S.D.N.Y. June 3, 2016) (same).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Cervantes-Samaniego's motion to reduce sentence (doc. 1021) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

3

Dated this 7th day of September, 2016, at Kansas City, Kansas.


                                                 s/ John W. Lungstrum
                                                 John W. Lungstrum
                                                 United States District Judge